IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| HENRY L. JACKSON,<br><br>     Petitioner,<br><br>v.<br><br>STATE OF UTAH et al.,<br><br>     Respondents. | **MEMORANDUM DECISION & ORDER DENYING HABEAS CORPUS PETITION**<br><br>Case No. 2:15-CV-00237-RJS<br><br>District Judge Robert J. Shelby |

Petitioner Henry L. Jackson was charged with two counts of attempted aggravated murder, one count of assault, and one count of cruelty to an animal. To support the aggravated murder charges, the State alleged that Petitioner had previously been convicted of murder. He was convicted as charged and sentenced on April 21, 2008.

Petitioner's convictions were affirmed on appeal. *State v. Jackson*, 243 P.3d 902 (Utah App. 2010), *cert. denied,* 247 P.3d 774 (2011).

Petitioner then filed a state post-conviction petition which was denied. Denial of the petition was affirmed on appeal. *Jackson v. State*, 332 P.3d 393 (Utah App. 2014), *cert. denied*, 343 P.3d 708 (2015).

Petitioner filed his current federal habeas petition on April 8, 2015.

## I. Petitioner's Federal Habeas Claims

Petitioner raises the following claims here:

A. Destruction of evidence – Petitioner alleges that the state violated his right to due process and a fair trial under the Federal Constitution when it released his vehicle to the lienholder before the defense had the opportunity to investigate its evidentiary value. (Claim 1 is

1

unexhausted because federal constitutional issues were not raised on direct appeal, where the

destruction of evidence was addressed; only violations of the Utah State Constitution and Utah

Rules of Criminal Procedure were raised. *See State v. Jackson*, 2010 UT App 328, ¶¶ 19-22

(citing *State v. Tiedemann*, 2007 UT 49, ¶¶ 41, 44-45 (analyzing evidentiary matter under Utah

Rule of Criminal Procedure 16 and Utah Constitution)); Appellant's Brief, *State v. Jackson*, No.

20080418-CA, at 46-48, Mar. 11, 2009.)

B.      *Batson* violation – Petitioner alleges that the State violated the Fourteenth

Amendment when it used a peremptory challenge to remove from the jury panel what appeared

to be its only minority person. (Claim 2 is exhausted because it was addressed by the Utah Court

of Appeals in Petitioner's direct appeal and certiorari review was denied. *State v. Jackson*, 243

P.3d 902 (Utah App 2010), *cert. denied,* 247 P.3d 774 (2011).)

C.      Jury instructions – Petitioner alleges that the trial court plainly erred when it gave

a jury instruction on the affirmative defense of self-defense. (Claim 3 is unexhausted because it

was not raised as a standalone issue on direct appeal or on state-post-conviction review; it was

properly raised only as an instance of ineffective assistance of appellate counsel. *Jackson v.

State*, 2014 UT App 168, ¶¶ 1-7, *cert denied*, 343 P.3d 708 (2015); *Jackson v. State*, No.

110918677, at 9-10 (dismissing "Count VIII: Trial Court Committed Plain Error in Failing to

Adequately Instruct the Jury on the State's Burden to Disprove Self-Defense" because it "could

have been raised at trial or on appeal but [was] not.")

D.      Ineffective assistance of trial counsel – Petitioner alleges that he was denied

        effective assistance of trial counsel because:

        1.      counsel discouraged him from testifying (raised in state post-conviction

                petition, but procedurally barred because could have been raised on direct

appeal but was not);

2.     counsel did not subpoena the victim's prior boyfriend to testify about a

        similar incident (raised in state post-conviction petition, but procedurally

        barred because could have been raised on direct appeal but was not);

3.     counsel did not suggest to the jury that the victim's injuries were

        inconsistent with having been run over by a vehicle (unexhausted and

        procedurally barred);

4.     counsel did not call the attending physician or an expert witness to

        testify as to the victim's injuries (unexhausted and procedurally barred).

E.     Ineffective assistance of appellate counsel – Petitioner alleges that he was denied

        effective assistance of appellate counsel because:

1.     appellate counsel did not argue that trial counsel was ineffective for

        advising Petitioner not to testify (exhausted because raised in state post-

        conviction petition);

2.     appellate counsel did not argue that trial counsel was ineffective for

        failing to investigate the prior incident with the victim's prior

        boyfriend (exhausted because raised in state post-conviction petition); and

3.     appellate counsel did not argue that the trial court plainly erred by

        inadequately instructing the jury on the State's burden of proof to disprove

        the affirmative defense of self-defense (exhausted because addressed by

        Utah Court of Appeals).

## II. Analysis

### A. Procedural Default

Respondent argues that some of the ineffective assistance of counsel grounds are procedurally defaulted. The Court agrees and also concludes that the grounds of destruction-of-evidence and plain error in the self-defense jury instruction are procedurally defaulted. *White v. Medina*, 464 F. App'x 715, 720 (10th Cir. 2012) (unpublished) ("[D]istrict courts are permitted to raise issues of procedural bar sua sponte.") (citing *Hardiman v. Reynolds*, 971 F.2d 500, 502 (10th Cir. 1992)). Petitioner's claims are procedurally defaulted because they were not raised to the highest State court and they either were explicitly barred by the Utah Court of Appeals or would be procedurally barred if Petitioner attempted to now raise them in State court.

A petitioner is deemed to have exhausted state remedies if either: (1) a state remedy is no longer available; or (2) claims asserted in a federal petition have been presented to the highest state court either on direct appeal from his conviction or in a state post-conviction proceeding. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Smith v. Atkins*, 678 F.2d 883, 884-85 (10th Cir. 1982); *accord Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

"Section 2254(b) requires habeas applicants to exhaust those remedies 'available in the courts of the State.' This requirement, however, refers only to remedies *still available* at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982) (citing *Humphrey v. Cady*, 405 U.S. 504, 516 (1972)) (emphasis added). It follows, therefore, that a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

Petitioner's claims of destruction of evidence; trial court plain error in its jury instruction on self defense; and ineffective assistance of trial counsel were never fairly presented to the highest state court. *See Jackson v. State*, 2014 UT App 168, ¶¶ 1-7, *cert denied*, 343 P.3d 708 (2015) (jury instruction and trial counsel ineffective assistance); *State v. Jackson*, 2010 UT App 328, ¶¶ 19-22 (citing *State v. Tiedemann*, 2007 UT 49, ¶¶ 41, 44-45 (analyzing evidentiary matter under Utah Rule of Criminal Procedure 16 and Utah Constitution).

The claim of federal constitutional violations regarding destruction of evidence is technically exhausted because it would be procedurally barred if Petitioner now tried to return to raise it in the highest State court. There are no longer any state remedies available to Petitioner. Petitioner's claims of trial court plain error in its self-defense jury instruction and trial counsel ineffective assistance of counsel are barred because they could have been brought on direct appeal but were not. Because the claims would be or were procedurally barred in State court, they are procedurally defaulted in federal court.

"Where the reason a petitioner has exhausted his state remedies is because he has failed to comply with a state procedural requirement for bringing the claim, there is a further and separate bar to federal review, namely procedural default." *Parkhurst v. Shillinger*, 128 F.3d 1366, 1370 (10th Cir. 1997); *see also Coleman*, 501 U.S. at 750 (holding, when federal claim is defaulted in state court based on independent and adequate state procedural rule, federal review of claim is barred unless petitioner shows cause for default and actual prejudice).

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'" *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (alteration omitted) (citation omitted). Petitioner has not

shown that he is entitled to any exception to procedural default. He has asserted cause for his default by asserting that his default is excused by the ineffective assistance of appellate counsel. Even if he could establish this as cause, he cannot establish prejudice, because his ineffective-assistance-of-appellate-counsel claims are not meritorious, as set forth below. Petitioner also may not meet the miscarriage-of-justice exception because he has not asserted and cannot establish actual innocence.

Petitioner's procedurally defaulted claims are thus denied.

### B. Merits

The remaining claims are denied on the merits. These are the *Batson* claim and claims of ineffective assistance of appellate counsel.

### 1. Standard of Review

The standard of review to be applied in federal habeas cases is found in § 2254, of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), under which this habeas petition is filed. It states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.S. § 2254(d) (2018). Subsection (d)(1) governs claims of legal error while subsection (d)(2) governs claims of factual error." *House v Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008).

The Court's inquiry centers on whether the Utah Court of Appeals' rejection of Petitioner's claims "was contrary to, or involved an unreasonable application of, clearly established Federal law. 28 U.S.C.S. § 2254(d)(1) (2018). This "'highly deferential standard,'" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citations omitted); *see also Littlejohn v. Trammell*, 704 F.3d 817, 824 (10th Cir. 2013), is "'difficult to meet,' because the purpose of AEDPA is to ensure that federal habeas relief functions as a "'guard against extreme malfunctions in the state criminal justice systems,"' and not as a means of error correction." *Greene v. Fisher*, 132 S. Ct. 38, 43-44 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment))). The Court is not to determine whether the court of appeals' decision was correct or whether this Court may have reached a different outcome. *See Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). "The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983). And, "[t]he petitioner carries the burden of proof." *Cullen*, 131 S. Ct. at 1398.

Under *Carey v. Musladin*, 549 U.S. 70 (2006), the first step is determining whether clearly established federal law exists relevant to Petitioner's claims. *House*, 527 F.3d at 1017-18; *see also Littlejohn*, 704 F.3d at 825. Only after answering yes to that "threshold question" may the Court go on to "ask whether the state court decision is either contrary to or an unreasonable application of such law." *Id.* at 1018.

> [C]learly established [federal] law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*Id.* at 1016.

Further, "in ascertaining the contours of clearly established law, we must look to the '*holdings* as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Littlejohn*, 704 F.3d at 825 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 660-61 (2004) (emphasis added) (citations omitted)). And, in deciding whether relevant clearly established federal law exists, this Court is not restricted by the state court's analysis. *See Bell v. Cone*, 543 U.S. 447, 455 (2005) ("[F]ederal courts are not free to presume that a state court did not comply with constitutional dictates on the basis of nothing more than a lack of citation."); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) ("[A] state court need not even be aware of our precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'") (citation omitted).

 If this threshold is overcome, this Court may grant habeas relief only when the state court has "unreasonably applied the governing legal principle to the facts of the petitioner's case." *Walker v. Gibson*, 228 F.3d 1217, 1225 (10th Cir. 2000) (citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). This deferential standard does not let a federal habeas court issue a writ merely because it determines on its own that the state-court decision erroneously applied clearly established federal law. *See id.* "'Rather that application must also be unreasonable.'" *Id.* (quoting *Williams*, 529 U.S. at 411). Indeed, "'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Harrington*, 131 S. Ct. at 785 (emphasis in original) (quoting *Williams*, 529 U.S. at 410).

This highly demanding standard was meant to pose a sizable obstacle to the habeas petitioner. *Id.* at 786. Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id*. It maintains power to issue the writ when no possibility exists that "fairminded jurists could disagree that the state court's

decision conflicts with th[e Supreme] Court's precedents. It goes no farther." *Id.* To prevail in

federal court, "a state prisoner must show that the state court's ruling on the claim being

presented in federal court was so lacking in justification that there was an error well understood

and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at

786-87. It is against this backdrop that this Court now applies the standard of review to the

circumstances of this case.

### 2. *Batson* Violation

Petitioner argues that his federal constitutional rights were violated when the State "used

a peremptory challenge to remove what appeared to be the only minority from the Jury panel."

He asserts these "Supporting Facts":

> During voir dire, the State used its fourth peremptory challenge to
> strike Sam Curry, who appeared to be the only racial minority on
> the jury panel.
>     Before the trial court swore in the jury, defense counsel
> requested a sidebar conference, the trial court read the juror's
> names and asked whether this was the jury that the parties selected.
> Defense counsel said it was with the exception "noted in the
> sidebar." That conference is not transcribed. After the trial court
> swore in the jury and dismissed the panel, defense counsel "made a
> record" of his objection. The State struck Mr. Curry, who "appears
> to be the only racial minority on the jury panel." So "we are
> making a challenge under *Batson* arguing the State has behaved
> improperly and needs to give the court a legitimate reason why
> they struck Mr. Curry other than based on his race." Responding,
> the State "assumed that the court is finding there's a prima facie
> case" and that it "needed to address the issue." The trial court
> agreed and the State explained that it struck Mr. Curry because he
> "would not have made it into the jury pool either way because of
> his listing as number 46. Furthermore, Mr. Curry also indicated
> that he was deaf in his right ear, and he struck me as too young."
> The trial court overruled the *Batson* objection.

(Pet. at 4-5, Doc. No. 1.)

Again, under *Carey v. Musladin*, 549 U.S. 70 (2006), the first step is to determine whether clearly established federal law exists that is relevant to Petitioner's claims. *House*, 527 F.3d at 1017-18; *see also Littlejohn*, 704 F.3d at 825. Only after answering yes to that "threshold question" may the Court go on to "ask whether the state court decision is either contrary to or an unreasonable application of such law." *Id.* at 1018. And the Court does answer, "Yes," to that threshold question. The court of appeals applied the correct United States Supreme Court precedent to analyze this issue: *Batson v. Kentucky*, 476 U.S. 79 (1986) (determining Equal Protection Clause is implicated if counsel uses peremptory challenges solely on basis of race). *Jackson*, 2010 UT App 328, at ¶¶ 27-34.

The Court goes on to the question of whether the Utah Court of Appeals' decision is contrary to or an unreasonable application of *Batson* and its United States Supreme Court progeny. To evaluate this question, the Court carefully reviewed the court of appeals' analysis, *Jackson*, 2020 UT App 328, at ¶¶ 27-34, and every United States Supreme Court case construing *Batson*. *Foster v. Chatman*, 136 S. Ct. 1737 (2016); *Davis v. Ayala*, 135 S. Ct. 2187 (2015); *Felkner v. Jackson*, 562 U.S. 594 (2011) (per curiam); *Thaler v. Haynes*, 559 U.S. 43 (2010) (per curiam); *Snyder v. Louisiana*, 552 U.S. 472 (2008); *Rice v. Collins*, 546 U.S. 333 (2006); *Miller-El v. Dretke*, 545 U.S. 231 (2005); *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Hernandez v. New York*, 500 U.S. 352 (1991); *Purkett v. Elem*, 514 U.S. 765 (1995) (per curiam); *Batson*, 475 U.S. at 79-100.

The court of appeals properly set forth the "three-step analytical process to evaluate the merits of a *Batson* challenge:

> The opponent of the strike, Defendant here, "must first make out the prima facie case by presenting facts adequate to raise an inference of improper discrimination." [*State v.* ]*Colwell*, 2000 UT 8, ¶ 18, 994 P.2d 177 [citing *State v. Cantu*, 750 P.2d 591,

10

595 (Utah 1988) (citing *Batson*, 476 U.S. 79)]. Then, if the trial court determines that the opponent met his or her burden of proving a prima facie case, the burden shifts to the proponent of the strike, the State here, to provide a facially neutral reason for its use of the peremptory challenge. *See id*. ¶ 19 [citing *Purkett*, 514 U.S. at 768]; [*State v.* ]*Cannon*, 2002 UT App 18, ¶¶ 9-10, 41 P.3d 1153 [citing *Purkett*, 514 U.S. at 768-69]. "This [second] step 'does not demand an explanation that is persuasive, or even plausible,'" Cannon. 2002 UT App 18, ¶ 9, 41 P.3d 1153 (quoting *Purkett*[, 514 U.S. at 768], and "'need not rise to the level justifying exercise of a challenge for cause,'" *Colwell*, 2000 UT 8, ¶ 22, 994 P.2d 177 (quoting *Batson*, 476 U.S. at 97, 106 S Ct. 1712). A reason will be considered "facially valid," *Cannon*, 2002 UT App 18, ¶ 10, 41 P.3d 1153, if it is "(1) neutral, (2) related to the case being tried, (3) clear and reasonably specific, and (4) legitimate." *Colwell*, 2000 UT 8, ¶ 22, 994 P.2d 177 (citation and internal quotation marks omitted). The requirement that the explanation be legitimate does not mean "a reason that makes sense, but a reason that does not deny equal protection." *Purkett*, 514 U.S. at 769, 115 S. Ct. 1769. "Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." *Id*. at 768, 115 S. Ct. 1769 (citation and internal quotation marks omitted; *accord Colwell*, 2000 UT 8, ¶ 19, 994 P.2d 177.

Finally, under the third step, if the State has succeeded in providing a facially neutral explanation, the trial court then must evaluate all the evidence before it and determine whether or not the State's explanation for its peremptory challenge, although facially neutral, was actually just "a pretext to disguise a racial motive." *Cannon*, 2002 UT App 18, ¶ 11, 41 P.3d 1153 [quoting *State v. Bowman*, 945 P.2d 153, 156 (Utah Ct. App. 1997) (citing *Batson*, 476 U.S. at 79)]. In doing so, "trial courts [need to] 'undertake a sensitive inquiry into such circumstantial and direct evidence of intent as may be available,'" *State v. Pharris*, 846 P.2d 454, 461 (Utah Ct. App.1993) (quoting *Batson*, 476 U.S. at 93, 106 S. Ct. 1712 (additional citation and internal quotation marks omitted), cert. denied, 857 P.2d 948 (Utah 1993).

*Jackson*, 2010 UT App 328, ¶¶ 28-29. The court of appeals recognized that the third step "rests

largely on credibility," which is a trial court "factual determination." *Id*. at ¶ 29.

The court of appeals went on set forth how the three steps played out in this case: The

trial court ruled that a prima facie case of racial motivation was made (step one). *Id*. at ¶ 30. The

prosecutor then asserted that his peremptory challenge was based on the prospective juror's

youth and right-ear deafness (step two). *Id.* The trial court accepted these assertions as neutral on

their face and not pretextual, in denying the *Batson* motion (step three). *Id.*

The trial court's ruling of a prima facie case of discrimination mooted the need for the

court of appeals to address step one. *Id.* ¶ 31. The court of appeals therefore considered steps two

and three and did so thoroughly, with due attention to the facts of this case, *id.* (stating

prosecutor's reasons of potential juror's youth and hearing impairment for striking with

peremptory challenge); *id.* at ¶ 32 (comparing stricken juror's characteristics to those of other

youthful jurors to rule out pretext); giving deference to the trial court's credibility

determinations, *id.* at ¶ 33 ("[A]lthough the stricken juror indicated that he had thus far been able

to hear the proceedings, from the cold record we have no way of knowing if his bearing or

mannerisms indicated otherwise or at least suggested cause for concern."); *id.* at ¶ 34 ("Given all

the evidences and circumstances before the trial court, and with due deference to the trial court's

ability to judge the credibility of the attorneys and to personally observe the prospective juror

peremptorily stricken by the State, we affirm the court's determination that the evidence as a

whole did not suggest racial motivation in striking him from the jury."); citations to relevant case

law, *Purkett*, 514 U.S. at 766, 769 (upholding peremptory challenge when reasons given were

based on physical characteristics "not peculiar to any race"); *United States v. Hughes*, 970 F.2d

227, 231-32 (7th Cir. 1992) (supporting statement that "no other juror had all key characteristics

in common with the stricken juror" and citing to *United States v. Williams*, 934 F.2d 847, 850

(7th Cir. 1991), which cites to *Batson*, 476 U.S. at 91); *State v. Bowman*, 945 P.2d 153, 155-56

(Utah Ct. App. 1997) (stating "prosecutor's failure to voir dire [the prospective juror] does not

make his facially valid explanation for dismissing [him] pretextual as a matter of law" and citing

to *Purkett*, 115 S. Ct. at 1772, *Hernandez*, 500 U.S. 352, and *Batson*, 476 U.S. at 79); *Colwell*, 2000 UT 8, ¶¶ 15, 19, 22 (upholding peremptory challenge when reasons given were age- and hearing-based and citing *Purkett*, 514 U.S. at 768-69, and *Batson*, 476 U.S. at 97); *State v. Cosey*, 873 P.2d 1177, 1179 (Utah Ct. App. 1994) (stating "selection of a jury is inevitably a call upon experience and intuition. The trial lawyer must draw upon his own insights and empathetic abilities" (quoting *Romero v. Lynaugh*, 884 F.2d 871, 878 (5th Cir. 1989), *cert. denied*, *Romero v. Collins*, 494 U.S. 1012 (1990))); *State v. Harrison*, 805 P.2d 769, 777 (Utah Ct. App. 1991) (indicating that lone minority juror had been excused for cause due to hearing issues and citing *Batson*, 476 U.S. at 97); and Petitioner's arguments, *Jackson*, 2010 UT App 328 at ¶ 29 ("Under *Batson*'s third step, Defendant initially claims that the State's reasoning that the stricken juror was 'to[o] young' was just a pretext and points to several potential jurors that the State did not strike who were about the same age."); *id*. at ¶ 30 ("Defendant suggests that the State's stated reason for striking the prospective juror, namely that he is deaf in one ear, was also pretextual because the State 'could have questioned him further' after he responded affirmatively when the court asked if he was able to hear the judge.").

Under this review of the Utah Court of Appeals' decision on direct appeal, this Court concludes that the decision was not contrary to, nor did it involve "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.S. § 2254(d)(1) (2018). Nor was the decision "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id*. § 2254(d)(2). In concluding this, the Court presumes the state trial court's factual findings (e.g., prosecutor's credibility and stricken juror's demeanor) are correct because Petitioner has not rebutted "that

presumption by 'clear and convincing evidence.'" *Id*. § 2254(e)(1). The Court thus denies federal habeas relief on the basis of Petitioner's *Batson* challenge.

### 3. Ineffective Assistance of Appellate Counsel

Again, these are the grounds upon which Petitioner asserts ineffective assistance of appellate counsel: Appellate counsel did not argue that trial counsel was ineffective for advising Petitioner not to testify and failing to investigate an incident with the victim's prior boyfriend; and that the trial court plainly erred by inadequately instructing the jury on the State's burden of proof to disprove the affirmative defense of self-defense.

Remembering that review is tightly restricted by the federal habeas standard of review, this Court observes that the Utah Court of Appeals selected the correct governing legal principle with which to analyze the ineffective-assistance-of-counsel issue. *Jackson*, 2014 UT App 168, ¶ 2 (quoting *Lafferty v. State*, 2007 UT 73, ¶ 39 (citing *Bruner v. Carver*, 920 P.2d 1153, 1157 (Utah 1996) (citing *Tillman v. Cook*, 855 P.2d 211, 221 (Utah 1993) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984))))). It is the familiar two-pronged standard of *Strickland v. Washington,* 466 U.S. 668 (1984):  (1) deficient performance by counsel, measured by a standard of "reasonableness under prevailing professional norms"; and, (2) prejudice to the defense caused by counsel's deficient performance. *Id.* at 687-88.  The prejudice element requires a showing that errors were so grave as to rob the petitioner of a fair proceeding, with a reliable, just result. *Id.*

As required by the standard of review, the Court now analyzes whether the Utah Court of Appeals' application of *Strickland* was reasonable. In evaluating this issue under *Strickland*, the court stated:

> Jackson asserts that trial counsel was ineffective because
> counsel failed to object to a self-defense jury instruction that did

not clearly express the burden of proof. To prevail, this alleged "failure" must be obvious from the trial record. *See* [*Lafferty*, 2007 UT 73, ¶ 39]. However, it appears that Jackson's trial counsel was the proponent of the identified instruction and successfully included it in the jury instructions over the State's objection. Accordingly, Jackson's characterization of the issue is not obvious from the trial record.

Furthermore, the issue would not have resulted in reversal on direct appeal because the jury instructions correctly stated that the burden of proof beyond a reasonable doubt remained with the State. "Jury instructions must be evaluated as a whole to determine their adequacy." *State v. Garcia*, 2001 UT App 19, ¶ 13. "[A]s long as the 'trial court's instructions constituted a correct statement of the law' the instructions are upheld." *Id.* (quoting *State v. Knoll*, 712 P.2d 211, 215 (Utah 1985)). Although the jury instruction challenged here did not use the language Jackson suggests in his petition, the instruction correctly stated the law and burden of proof, especially when considered with other instructions setting forth the elements of the crimes charged and the State's burden to prove the elements beyond a reasonable doubt. The trial court made clear that Jackson did not bear the burden to establish self-defense and that "if there was a reasonable doubt as to whether [the] defendant did or did not act in self-defense, then the jury should acquit." Knoll, 712 P,2d at 215.

Jackson also argues that the trial court inappropriately prevented him from testifying and that trial and appellate counsel were ineffective for failing to raise the issue. Jackson decided not to testify at trial to avoid the introduction of his prior conviction for murder as impeachment evidence. He asserts that the trial court erred in ruling that the evidence of his prior conviction would be admissible if he testified and that this ruling interfered with his right to present a defense.

Utah appellate courts have rejected arguments like Jackson's that a trial court's evidentiary ruling forced a choice not to testify and thus deprived him of due process. *See State v. Gentry*, 747 P.2d 1032, 1036 (Utah 1987); *State v. Kirkwood*, 2002 UT App 128, ¶ 15. Here, similar to those cases, Jackson

> "misconstrues the nature of the constitutional right in question. The Constitution affords an accused a choice: he may refuse to become a witness, or he may elect to take the witness stand and testify in his own behalf. . . . [Jackson] having exercised his constitutional right to

> remain silent and not testify, cannot
> now be heard to complain that the
> court forced the choice upon him and
> thereby denied him due process."

> *Kirkwood*, 2002 UT App 128, ¶ 15 (quoting *Gentry*, 747 P.2d at
> 1036). Because Jackson's argument has been rejected, neither trial
> nor appellate counsel were ineffective in failing to raise the issue.
> *Parsons v. Barnes*, 871 P.2d 516, 525 (Utah 1994) (holding that
> the failure to raise a futile issue does not constitute ineffective
> assistance of counsel).

*Jackson*, 2014 UT App 168, at ¶¶ 2-6.

Under the standard of review--as to the issues of advising Petitioner not to testify and

failing to investigate the prior-boyfriend incident--Petitioner does not even argue that the court of

appeals got this wrong. He merely restates his belief that his attorney's alleged failures equaled--

per se--a deficient performance. He does not effectively address the matter of possible strategy,

nor does he address how his retrospective, subjective perspective of his counsel's performance

does not square with the court of appeals' more objective perspective, as supported by the

record.

And, as to the issue of the inadequate jury instruction, Petitioner has not addressed the

court of appeals' conclusion that there was no prejudice:

> Although the jury instruction challenged here did not use the
> language that Jackson suggests in his petition, the instruction
> correctly stated the law and burden of proof, especially when
> considered with other instructions setting for the elements of the
> crimes charged and the State's burden to prove the elements
> beyond a reasonable doubt.

*Id*. at ¶ 5.

Most importantly, regarding ineffective assistance of appellate counsel as a whole,

Petitioner does not suggest any United States Supreme Court on-point case law exists that is at

odds with the court of appeals' result. And, this Court's review of Supreme-Court case law

reveals none. *See, e.g., Bell v. Cone*, 535 U.S. 685, 698, 702 (2002) (stating "defendant must overcome the 'presumption that, under the circumstances, the challenged action "might be considered sound trial strategy"'" and "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight") (citations omitted).

Based on *Strickland*, the Utah Court of Appeals was right to analyze how counsel's performance may or may not have been deficient or prejudicial, and, on the basis that it was not, reject Petitioner's ineffective-assistance-of-counsel claims. This Court is therefore not at all persuaded that the court of appeals' application of relevant Supreme-Court precedent was unreasonable and denies habeas relief on the basis of ineffective assistance of counsel.

## CONCLUSION

Petitioner's claims are either procedurally defaulted or do not pass muster under the federal habeas standard of review.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is DENIED and DISMISSED WITH PREJUDICE.

IT IS ALSO ORDERED that a certificate of appealability is DENIED.

This action is CLOSED.

DATED this  17th day of September, 2018.

BY THE COURT:

JUDGE ROBERT J. SHELBY
United States District Court